# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1023 | **DATE** | 3/5/2004 |
| **CASE TITLE** | RIVER WEST MEETING ASSOCIATES  V.  AVAYA, INC.. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  **Avaya, Ins.' motion (23-1) for partial judgment of the pleadings is denied. Enter Memorandum Opinion and Order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | MAR 0 8 2004 | | |
| ✓ | Docketing to mail notices. | | date docketed | | 36 |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | | |
| | | | date mailed notice | | |
| DW | courtroom deputy's initials | | Date/time received in central Clerk's Office | | mailing deputy initials |

U.S. DISTRICT COURT
CLERK



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

RIVER WEST MEETING ASSOCIATES,
INC.,

    Plaintiff,

    v.

AVAYA, INC.,

    Defendant.

No. 03 C 1023
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

In 2002, Avaya, Inc. planned to hold a number of company events in Orlando, Florida in November 2002 (the "Florida Program"). In approximately April 2002, Avaya selected River West Meeting Associates, Inc. to perform professional services in setting up, organizing and coordinating the Florida Program. Immediately after being selected, River West began performing services in connection with the Florida Program.

In late August 2002, the parties entered into a written Service Agreement that formalized River West's role, responsibilities and compensation for coordinating the Florida Program. As to River West's compensation, the Agreement provided that "[River West] will work with Avaya to determine a fair Management Fee, not to exceed 12% of the total program cost." The Agreement provided that the Management Fee is "based on the estimated man-hours required to successfully complete the contracted tasks." The Agreement further provided that River West would be reimbursed for its expenses. Finally, the Agreement permitted Avaya to unilaterally terminate the parties' relationship.



On October 7, 2002, Avaya notified River West in writing that the Service Agreement was terminated, and that Avaya had engaged another vendor to coordinate the Florida Program. On November 27, 2002, River West sent an invoice to Avaya in the amount of $468,151.49 for work done and expenses incurred in working on the Florida Program. Of that amount River West claims is due, $409,367.75 is comprised of a claimed management fee. Avaya admits that it owes River West an "amount due for work performed up to and including the date of termination," but disputes the amount that River West alleges to be owed.

As a result of the facts above, River West filed suit against Avaya. In March 2002, Avaya moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds, *inter alia,* that the Service Agreement was void and unenforceable due to the lack of agreed-upon terms governing River West's compensation.[1] I denied this motion on the grounds that the Service Agreement was enforceable because it provided a reasonably certain basis for determining an appropriate fee for services rendered. Avaya now moves, pursuant to Rule 12(c), for judgment on the pleadings as to: (1) Count II for unjust enrichment; (2) Count III for breach of the implied covenant of good faith and fair dealing; and (3) River West's prayer for damages for the loss of business opportunities outside of the parties' contract.[2]

Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. Fed.R.Civ.P. 12(c). Like a Rule 12(b) motion, a moving party must demonstrate that there are no material issues of fact to be resolved. I must "view the facts in the complaint in

_____

[1] In Count I, River West alleges a claim for breach of the Service Agreement.

[2] Avaya additionally moved for judgment as to River West's prayer for attorneys' fees and expert witness fees, but both parties acknowledge that this claim is now moot in light of River West's Amended Complaint.

the light most favorable to the nonmoving party," but I am "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Northern Indiana Gun & Outdoor Show, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). In deciding a Rule 12(c) motion, I may consider the pleadings, which are comprised of the complaint, answer, and any written instruments attached as exhibits. *Id.* In addition, I "may take judicial notice of an adjudicative fact that is both 'not subject to reasonable dispute' and either 1) 'generally known within the territorial jurisdiction of the trial court' or 2) 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *General Elec. Cap. Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997). Therefore, I may take judicial notice of a finding previously by a court. *Id.*

## Count II: Unjust Enrichment

In Count II, River West alleges unjust enrichment. Under Illinois law, unjust enrichment is a claim outside an express contract.[3] *Prodromos v. Poulos*, 560 N.E.2d 942, 949 (Ill. 1991).

---

[3] The Service Agreement contains a Choice of Law provision which states that "this Agreement and all transactions under it shall be governed by the laws of the State of New Jersey excluding its choice of law rules and excluding the Convention for the International Sale of Goods." As such, Count I for breach of contract and Count III for breach of the implied covenant of good faith and fair dealing are governed by New Jersey law. Count II's unjust enrichment claim, however, is not a contract claim, and, as such, does not fall within the choice of law provision. In this situation, the federal courts in our district would apply the forum law (in this case, Illinois law) in resolving this claim. *See Wood v. Mid-Valley, Inc.*, 942 F.2d 425, 426-27 (7th Cir. 1991); *Morris Silverman Mgmt. Corp. v. W. Union Fin. Servs.*, 284 F. Supp.2d 964, 968-69 (N.D. Ill. 2003). This is particularly true where the laws of both states are similar, *Railway Express Agency, Inc. v. Super Scale Models, Ltd.*, 934 F.2d 135, 139 (7th Cir. 1991), which is the situation here, *compare Prodromos v. Poulos*, 560 N.E.2d 942, 949 (Ill. 1990); *with Winslow v. Corporate Express, Inc.*, 834 A.2d 1037, 1046 (N.J. Super. Ct. App. Div. 2003).

Accordingly, "plaintiffs cannot pursue quasi-contractual claims [such as unjustment enrichment] where there is an express contract between the parties." *Id.* at 948.

Avaya argues that River West cannot bring this claim in light of my earlier finding (in denying Avaya's motion dismiss) that there is an express written agreement governing the services River West agreed to provide to Avaya in connection with the Florida Program and the compensation for those services. However, Avaya cannot rely on this finding to get judgment on the quasi-contract claim because a district court's inquiry in response to a 12(b)(6) motion is limited. It takes as true a plaintiff's factual allegations, and focuses not on whether a plaintiff can prove an allegation but rather whether he has sufficiently plead a cause of action. *See Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th Cir. 1995). Therefore, to the extent that I found that there is an express written agreement governing the Florida Program, I did so only in the sense that I found that River West had sufficiently plead the existence of an enforceable agreement. To put it another way, Avaya had shown no facts establishing that the contract was unenforceable. This finding – made only for the purpose of disposing of a Rule 12(b)(6) – should not be given any greater weight than that to which it is entitled. *See LeClercq v. Lockformer Co.*, No. 00 C 7164, 2002 U.S. Dist. LEXIS 19465, at *11 (N.D. Ill. Oct. 8, 2002) (rejecting defendant's characterization of earlier finding and noting that "nothing in the Court's [previous] order was directed toward offering a conclusive finding of fact on that issue").

More importantly, Avaya ignores River West's basic and unquestionable right to plead in the alternative under Rule 8(e)(2). *See 3Com Corp. v. Elec. Recovery Specialists, Inc.*, 104 F. Supp. 2d 932, 940 (N.D. Ill. 2000) (refusing to dismiss restitution claim and noting that "plaintiff may allege the existence of a governing contract in [one] count . . . without defaulting the latter

[restitution] claim on a motion to dismiss"). Indeed, an argument similar to Avaya's was squarely rejected in *Jackson Nat'l Life Ins. Co. v. Gofen & Glossberg*, No. 93 C 1539, 1993 U.S. Dist. LEXIS 9569 (N.D. Ill. July 15, 1993). There, the defendant sought dismissal of the plaintiff's promissory estoppel claim, noting that under Illinois substantive law, the doctrine "has never been considered available when the parties have entered into a contract which is binding under contract law." *Id.* at *10. Acknowledging that by advancing the argument, the defendant had essentially conceded the existence of a legally binding contract (as Avaya does here), the Court nevertheless refused to dismiss the promissory estoppel claim. *Id.* at *12. The Court noted that:

> [a] careful review of the . . . complaint reveals that . . . [plaintiff] seeks identical damages for the same wrongful act under differing theories of recovery, *i.e.*, breach of contract and promissory estoppel. . . . It is obvious that [plaintiff's] claims are plead in the alternative. To the extent that [plaintiff] will not be able to prevail under both theories of recovery, *it need not embrace one over the other at this earlier stage of the proceedings.* Double recovery is not threatened in the pleadings stage and pleading rules allow a plaintiff . . . to plead inconsistent contractual theories.

*Id.* at *11-12 (quotation marks and citations omitted and emphasis added); *see also Stedman v. Hoogendoorn, Talbot, Davids, Godfrey & Milligan*, No. 92 C 5670, 1996 U.S. Dist. LEXIS 3302, at *9 (N.D. Ill. Mar. 15, 1996) (rejecting defendants' motion in limine seeking dismissal and finding that "the better practice is to require that the plaintiff elect between his tort and contract recoveries at the close of all the evidence in [the] case"). Because River West's claim for breach of contract and unjust enrichment are plead in the alternative – as plaintiff's amended pleading makes even clearer – Avaya's motion for judgment on the pleadings as to the quasi-contract claim is denied.

5

Count III: Breach of Implied Covenant of Good Faith and Fair Dealing

In Count III, River West alleges that Avaya breached the implied covenant of good faith and fair dealing, which is implied in every contract.[4] *Sons of Thunder v. Borden, Inc.*, 690 A.2d 575, 587 (N.J. 1997). The obligation to perform contracts in good faith means that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Id.* However, the covenant "cannot override an express termination clause." *Id.* at 586. "[W]here the contractual right to terminate is express and unambiguous, the motive of the terminating party is irrelevant." *Id.* at 588. "The fact that a discretion-exercising party causes the dependent party to lose some or all of its anticipated benefit from the contract thus is insufficient to establish a breach of contract by failing to perform in good faith." *Wilson v. Amerada Hess Corp.*, 773 A.2d 1121, 1127 (N.J. 2001).

Avaya argued that River West cannot bring this claim because the original Complaint failed to cite a single fact from which bad faith reasonably could be inferred. Without conceding the sufficiency of its original Complaint, River West amended the Complaint, and now claims that the Amended Complaint includes additional and more detailed allegations of Avaya's bad-faith conduct. River West still claims that these additional allegations, alone, or taken together, fail to constitute a breach of the implied covenant of bad faith and fair dealing. While this may be true, these allegations nonetheless sufficiently set forth a viable claim for breach of the implied covenant. In *Morris Silverman Mgmt. Corp. v. Western Union Fin. Servs.*, 284 F. Supp. 2d 964, 973-77 (N.D. Ill. 2003), this Court applied New Jersey law to a claim for breach of the covenant of good faith and fair dealing. The Court suggested that a defendant's conduct of

_____

[4] As discussed in note 3, New Jersey law applies to this claim.

engaging in discussions with plaintiff's competitor prior to terminating its contract with the plaintiff might be found to be a breach of the covenant. *Id.* at 977 n. 10. Because River West has alleged similar conduct – along with other allegations – dismissing this claim now would be inappropriate without further development of the underlying factual allegations.

Damages for the Loss of Other Business Opportunities

River West seeks as damages for Count III "the loss of the benefit of its bargain, the loss of other business opportunities, and lost profits." Avaya argues that River West is not entitled to recover damages for the loss of other business opportunities because the law does not allow River West to be placed in a better position than that if Avaya never had breached the contract, citing *Magnet Res., Inc. v. Summit MRI, Inc.*, 723 A.2d 976, 985 (N.J. Super. Ct. App. Div. 1998).[5] As noted above, River West has alleged a breach of the implied covenant of good faith and fair dealing. "[T]he appropriate remedy for a breach of [such] duty . . . varies with the circumstances." *Riveredge Assocs. v. Metro. Life Ins. Co.*, 774 F. Supp. 897, 902 (N.J. 1991). Therefore, the remedy for breach of the implied covenant may exceed that to which River West is strictly entitled under the Service Agreement. *See, e.g., Sons of Thunder*, 690 A.2d at 589 (affirming jury award of one year's worth of additional profits going beyond termination of the contract); *Bak-A-Lum Corp. of America v. Alcoa Bldg. Prods., Inc.*, 351 A.2d 349, 353 (N.J. 1976) (awarding lost profits beyond termination date). Given the broad array of remedies available for this claim, I will not prematurely foreclose any potential recovery that River West may be able to support at trial. In addition, Avaya has identified no authority specifically

---

[5] As discussed in note 3, New Jersey law applies to this claim.

precluding the loss of other business opportunities as a basis for damages, but I do note – as Avaya correctly points out – that although such damages may be recoverable, any damages awarded must place the aggrieved party in "as good a position as if the other party had fully performed." *Sons of Thunder*, 690 A.2d at 589-90. Obviously, if any claims to damages exceed this threshold, they will not be awarded.

For the reasons above, Avaya's Motion for Partial Judgment on the Pleadings is DENIED.

ENTER:

James B. Zagel
United States District Judge

DATE: MAR 0 5 2004

8